## THE UNION PACIFIC RAILWAY COMPANY v. THE CITY OF KANSAS CITY.

1. CITY LIMITS—*Unplatted Territory, When Included.* A city of the first class cannot extend its limits so as to include unplatted territory of over five acres against the protest of the owner thereof, unless the same is circumscribed by platted territory that is taken into said city.

2. STATUTE, *Construed.* Section 1, chapter 99, of the Laws of 1887, construed.

*Error from Wyandotte District Court.*

THE opinion states the case. Judgment for the *City*, at the March term, 1888. The *Railway Company* brings the case to this court.

*A. L. Williams*, and *Charles Monroe*, for plaintiff in error.
*Wm. S. Carroll*, for defendant in error.

32 — 42 KAS.

Opinion by SIMPSON, C.: On the 30th day of December, 1887, the mayor and council of the city of Kansas City, a city of the first class, passed an ordinance extending the limits of said city. The extension, if legally made, includes certain tracts of land belonging to the Union Pacific Railway Company. These lands consist of irregular tracts, situated on both sides of the line of railroad, and extending from the Kansas river on the east, to the western line of the proposed extension. The tracts of land sought to be taken within the city limits each embraces more than five acres of ground, and are unplatted, and neither of said tracts is circumscribed by platted lands. The mayor and council of said city passed the ordinance under the authority conferred by §1, ch. 99, Laws of 1887. The section is in the following words:

"Whenever any territory adjoining to the city limits shall be subdivided into lots, blocks, streets and alleys, the same may, when approved by the mayor and council, be added to the city: *Provided*, No unplatted territory of over five acres shall be taken into said city against the protest of the owner thereof, unless the same is circumscribed by platted territory that is taken into said city. Any city of the first class may enlarge or extend its limits or area by an ordinance specifying with accuracy the new line or lines to which it is proposed to enlarge or extend such limits or area. Within twenty days after the passage of such ordinance the same shall be published in the city official paper published in said city, to be designated in said ordinance. When said publication shall have been made, the mayor of said city, at the first regular term of the district court of the county in which said city is situated, commencing after said twenty days, shall present to said court a copy of said ordinance, duly certified by the clerk of said city under its seal, and also therewith an affidavit or affidavits showing the publication of said ordinance as hereinbefore provided, which said certified copy of said ordinance and said affidavits shall be filed with the clerk of said court. Thereupon said court shall determine whether said publication has been made as herein required, and shall then consider said ordinance, and by its judgment either approve, disapprove or modify the same, first hearing all objections, if any, and proofs, if any, offered by said city or persons affected by

said ordinance. Should said ordinance be approved or modified by said court, then the limits or area of said city shall be enlarged or extended as therein designated, from the date of such approval or modification; but should it be disapproved entirely, then the limits or area of the city shall remain unaffected by said proceedings; but should the same be approved entirely, or modified and approved, the judgment of said court shall stand, and the limits of such city shall be extended as in said judgment specified; and the determination of the matter thus submitted to said court shall be final, and all courts of the state shall take judicial notice of the limits or area of such city as thus enlarged or extended, and of all steps in the proceedings leading thereto. The district court shall make a record of its finding and determination in the premises, which shall be conclusive evidence of the facts so found and determined; and after the disapproval or modification of one ordinance, another or others may be passed and acted on."

The trial court made general findings, and some special ones as to the land of the railroad company, as follows:

"1. Upon December 30, 1887, the ordinance herein presented was duly and regularly passed in council, and the same was duly approved by the mayor of said Kansas City on the 4th day of January, 1888.

"2. Within twenty days after the passage of said ordinance, to wit, on January 5, 1888, the same was duly published in the *Kansas Pioneer*, a newspaper regularly published in said Kansas City, and upon said day the city official paper of said city, and the paper designated in said ordinance as provided in section 1 of chapter 99, of Session Laws of 1887.

"3. The territory proposed by said ordinance to be added to said Kansas City comprised both platted and unplatted lands.

"4. After the publication of said ordinance had been made, as found in finding 2, and a copy of said ordinance was duly presented by the mayor of said city of Kansas City to the district court of Wyandotte county at the first regular term thereof commencing after the expiration of twenty days from the passage of said ordinance, which said copy was duly certified by the clerk of said city under the seal of said city, and there was attached thereto and filed therewith an affidavit of the publisher of said official paper, showing the publication of said ordinance as provided in said § 1 of ch. 99 of the Laws of 1887.

"5. Thereupon due notice was given and a regular hearing

was had in the said matter, and all parties interested were heard, and proofs and protests received by the court.

"6. And the court finds that said ordinance is legal, and was published as required by law, but adjudges and decrees that the same be and said ordinance is hereby modified in the following particulars, to wit: That the boundaries of said Kansas City as set out in said ordinance, shall be modified so as to read as follows, and said ordinance is approved as modified, to wit:

"DESCRIPTION OF CITY LIMITS.—Commencing at the intersection of the west line of sec. 21, township 11 south, range 25 east, with the center line of the Kansas river; thence north between sections 20 and 21, 16 and 17, 8 and 9, also 4 and 5, township 11 south, range 25 east, to the second standard parallel south 247 feet; thence north 1,617 feet; thence west 365 feet; thence north to the north line of section 32, township 10 south, range 25 east; thence east on said north line of said section 32, to the northeast corner of said section 32; thence south 1,320 feet; thence east to the east line of the right-of-way of the Missouri Pacific Railway; thence southeasterly along the said east line of said right-of-way to the second standard parallel south; thence east to the center of the Missouri river; thence south along the center line of the Missouri river to the intersection of said line with the line between the states of of Kansas and Missouri; thence south on said state line to the old Shawnee reserve line; thence west on said old Shawnee reserve line to the center of the Kansas river; thence up the center of said Kansas river to the point of beginning.

"And it is ordered and adjudged and decreed by the court, that the boundaries of said Kansas City shall be and the same are hereby fixed and designated by the court as herein above set forth, and all lands embraced within such boundaries are adjudged and decreed to be a part of said Kansas City."

The court made the following special findings of fact in relation to the lands belonging to the Union Pacific Railway Company included within the extended limits of Kansas City as found by the court in its general findings and decision herein:

"That the three tracts marked in red ink on the map which is filed in this case marked 'Union Pacific Exhibit A' belonging to the Union Pacific Railway Company in fee simple, and that each of said tracts contains more than five acres, and that neither of said tracts by itself is circumscribed by platted lands, and that neither of said tracts of land is platted."

The railroad company made a motion to dismiss the proceedings in the district court for the reasons that the court had no jurisdiction, that the laws purporting to give jurisdiction

were unconstitutional, and that they attempted to confer legislative power upon the judicial branch of the state government. This motion was overruled, and an exception saved. The railroad company filed a remonstrance against including their land within the city limits, and this was overruled, and an exception saved to such ruling. The railroad company also excepted to the general and special findings of the court. A motion for a new trial was overruled, and an exception saved to that ruling.

In this court two principal questions are raised, argued, and insisted on. The first is, that the power conferred by the section on the district court is legislative, and not judicial. The second is, that the power is not given to the city to so extend its limits as to embrace tracts of land containing more than five acres unplatted, and not entirely surrounded by platted land. It is necessary to consider but one of the questions presented, because in our opinion it is a conclusive settlement of the case. The act of 1887 amending the law relating to cities of the first class provides among other things, that "no unplatted territory of over five acres shall be taken into said city against the protest of the owner thereof, unless the same is circumscribed by platted territory that is taken into said city."

The special findings of the trial court with reference to the lands of the Union Pacific Railway Company, recite that "these three tracts of land belong to the railroad company in fee simple, and that each of said tracts contains more than five acres, and that neither of said tracts by itself is circumscribed by platted lands, and that neither of said tracts is platted."

This brings these tracts squarely within the protection of the proviso above quoted, and they cannot be taken into the city without the consent of the owner. The record shows that the railroad company filed a remonstrance against the extension of the city limits so as to include these tracts of land.

It is recommended that the judgment of the district court

be reversed, and the cause remanded, with instructions to render a judgment in favor of the railroad company.

By the Court: It is so ordered.

All the Justices concurring.